Turley, J.
delivered the opinion of the court.
The complainants, children of Martha Evans, deceased, filed this bill for the recovery of certain negroes conveyed by deed of gift from their grand father James Jordan of North Carolina, on the 10th day of November, 1828, to their mother for life, *568 with remainder to her children living at her death. The father of the complainants died leaving their mother, who afterwards married the defendant Wells and died, and he has in his possession the negroes, claiming them by marital right. There are twm objections taken to the complainants’ right of relief.
1st. That the limitation in the deed falls within the rule in Shelly’s case, and is void as being too remote, and therefore vests an absolute estate in Martha Evans, which belongs to her husband and not her children.
We do not think that such is the construction of the limitation in the deed of gift. It is not made to depend upon the failure of heirs generally, but is an absolute gift to the children of Martha Evans living at her death, who take as purchasers. The clauses of the deed bearing on this point, are as follows: “In consideration of the love and regard, that I have for my daughter Martha Evans, I have loaned to her the negroes aforesaid, for her support and no other, except she, the said Martha, should have issue or heirs of her body, and in that case I loan said negroes to her and her heirs for their mutual support. And if said negroes should remain in possession of said Martha until her death, and she should have legal heirs of her body, I give said negroes with their increase to them.”
It is obvious that the daughter of the dpnor and her children were the equal objects of his bounty, that it was for them he was providing and for none others more remote, and it is equally obvious that when he uses the words “heirs of her body” he meant children, using the words in the common and ordinary meaning as representing individuals, and not in its legal sense as representing a class.
We therefore think, the deed of gift conveys to the complainants the title to the slaves upon the death of their mother, and that the defendant Wells has no marital right to them.
But it is objected, 2nd, that by the laws of North Carolina, this deed of gift is void as to all purposes, if it were not regis-' tered within twelve months after its execution, and there is no proof as to the date of its registration. There is no proof showing when the deed was registered, and we therefore, cannot say it was so executed as to pass the title to the negroes to *569 the complainants, and we must therefore dismiss the bill, but we do this with regret, because we have but little doubt that in point of fact the deed was registered in proper time, because if it were not, the defendant Wells has no right to the negroes unless he have acquired it by the operation of the statute of limitations.
We, therefore, dismiss the bill without prejudice to the complainants’ right to file another, when the defect of proof may be supplied.